Linda K. POYNER

v.

**GOOD SHEPHERD REHAB AT MUHLENBERG.**

No. 01–CV–829.

United States District Court, E.D. Pennsylvania.

Feb. 19, 2002.

---

Richard J. Orloski, William Lee, Robert Pandaleon, Orloski & Hinga, Allentown, PA, for plaintiff.

John K. Baker, Tallman, Hudders & Sorrentino, Allentown, PA, for defendant.

## MEMORANDUM AND ORDER

KAUFFMAN, District Judge.

Plaintiff Linda K. Poyner brings this action against Defendant Good Shepherd Rehab at Muhlenberg, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Now before the Court is Defendant's Motion for Summary Judgment (docket##14–15). For the reasons set forth below, Defendant's Motion will be granted.

## FACTUAL HISTORY[1]

Plaintiff began working as a Licensed Practical Nurse ("LPN") for Muhlenberg Rehabilitation Center ("Muhlenberg") on or about September 16, 1991. (Pl.Dep. at 20.) The facility was subsequently purchased by Lehigh Valley Hospital ("Lehigh Valley"), which retained Plaintiff and other Muhlenberg employees in their existing positions. (Gavornik Dep. at 7.)

During her employment as an LPN for Muhlenberg and Lehigh Valley, Plaintiff worked the first shift at the East Wing of the hospital. (Pl.Dep. at 44, 64, 84.) On April 13, 1999, she suffered a work-related injury, resulting in a short-term disability leave of six months. (Pl.Dep. at 46–47.) During this leave, Plaintiff underwent three surgeries for carpal tunnel syndrome (April 13, June 24, and September 7, 1999), and notified her employer prior to each. (Pl.Dep. at 46–47, 55–56.) Plaintiff continued to receive disability benefits throughout the six-month period. (Pl.Dep. at 48–49.) In Plaintiff's absence, Lehigh Valley transferred Debra Solt from the "floater" LPN on the first shift to the LPN assigned to the East Wing on the first shift. (Pl.Dep. at 82–85.)[2]

On August 17, 1999, Defendant purchased the facility from Lehigh Valley. (Pl.Dep. at 49.) After the purchase, Defendant contacted Plaintiff and other existing hospital employees to complete paperwork. (Pl.Dep. at 49–50.) Plaintiff completed the paperwork and other forms necessary for the continuation of her benefits, including a W–4 form. (Pl.Dep. at 54.) Defendant's transition process was the same as that implemented by Lehigh Valley when it took over the facility from Muhlenberg. (Gavornik Dep. at 7.) No job interviews were conducted, and the employees continued in their positions with no express notification from Defendant that they had been retained. (Gavornik Dep. at 10–11.)

Two months after Defendant purchased the hospital, Plaintiff contacted its Director of Human Resources, Judy Zavalydriga, and informed her that she had been released by her doctor to return to work without any restrictions or physical limitations. (Pl.Dep. at 57–63.) Zavalydriga told Plaintiff that she was required to reapply for the position. (Pl.Dep. at 57–63.) Plaintiff refused to do so, and, thus, she never returned to work with Defendant. (Pl.Dep. at 60–63.) Instead, on February 20, 2001, she initiated this civil action against Defendant, asserting claims under the ADEA (Count I) and the ADA (Count II). Defendant now moves for summary judgment.

## STANDARD FOR DECIDING SUMMARY JUDGMENT MOTION UNDER FED.R.CIV.P. 56

When the Court decides a motion for summary judgment under Federal Rule of Civil Procedure 56, "the test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir.1999) (citing *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir.1994)). "Summary judgment will

---

1. The following facts are taken from the depositions and other exhibits attached to Defendant's Motion for Summary Judgment. When ruling on a summary judgment motion, the Court must accept the "evidence in the light most favorable to the non-movant, giving that party the benefit of all reasonable infer-

ences derived from the evidence." *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 496 (3d Cir. 1995) (citations omitted).

2. "Floater" status meant that Solt was not assigned to any specific wing of the hospital. (Pl.Dep. at 84–85.)

not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must examine the evidence in the light most favorable to the non-moving party, and resolve all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### ANALYSIS

#### I. *ADEA CLAIM*

■ The ADEA "prohibits employers from discriminating against an individual in hiring, discharge, compensation, terms, conditions, or privileges of employment on the basis of age." *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 972 (3d Cir.1998) (citing 29 U.S.C. § 623(a)(1)). "[A] plaintiff may establish a prima facie case under the ADEA by demonstrating that: 1) she was a member of the protected class, *i.e.*, she was over forty years old; 2) she is qualified for the position; 3) she suffered an adverse employment decision; and 4) she was ultimately replaced by a person sufficiently younger to permit an inference of age discrimination." *Id.* at 973–74.[3] A plaintiff cannot succeed on an ADEA claim, however, if "the factor motivating the employer is some feature other than the employee's age." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

■ In support of her ADEA claim, Plaintiff ignores the fact that she was absent on disability leave and argues only that she was replaced by Solt, a woman nine-and-a-half years younger than she. Solt's age could not have been the motivating factor in Plaintiff's replacement, however, since Solt was transferred from a floater position to Plaintiff's position only after Plaintiff began a disability leave in April 1999; thus, Solt's replacement of Plaintiff was due to necessity, not age. Because Plaintiff has failed to set forth *any* evidence to suggest that age was in any way a motivating factor in her replacement, the Court will grant Defendant's Motion for Summary Judgment with respect to Plaintiff's ADEA claim.

#### II. *ADA CLAIM*

■ The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual with regard to

---

3. Upon the plaintiff's showing of a prima facie case, the burden of production then shifts to the defendant to offer evidence of a legitimate, nondiscriminatory reason for the employment action. *Id.* at 974 n. 2. If the defendant satisfies this burden, the plaintiff may then survive summary judgment only if she submits evidence "from which a fact finder could reasonably either 1) disbelieve the employer's articulated legitimate reasons; or 2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* (citing *Fuentes v. Perskie*, 32 F.3d 759, 761 (3d Cir.1994)).

job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C § 12112(a).[4] "In order to make out a prima facie case under the ADA, a plaintiff must be able to establish that he or she (1) has a 'disability' (2) is a 'qualified individual' and (3) has suffered an adverse employment action because of that disability." *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 142 (3d Cir.1998) (citing *Gaul v. Lucent Techs. Inc.*, 134 F.3d 576, 580 (3d Cir.1998)).[5] A "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

■ Plaintiff seeks the ADA's protection through the "regarded as" definition of disability. "For an individual to be 'disabled' under the 'regarded as' portion of the [ADA], the individual must demonstrate either that: (1) despite having no impairment at all, the employer erroneously believes that the plaintiff has an impairment that substantially limits major life activities; or (2) the plaintiff has a nonlimiting impairment that the employer mistakenly believes limits major life activities." *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 514 (3d Cir.2001) (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)).[6] "The focus of such inquiry is not on the plaintiff's actual abilities but instead is on the reactions and perceptions of the persons interacting or working with the plaintiff." *Taylor v. Phoenixville Sch. Dist.*, 998 F.Supp. 561, 569 (E.D.Pa.1998) (quotation omitted).

■ Plaintiff argues that because Defendant required her to reapply for a job once her short-term disability leave was over, it must have perceived her as substantially limited in her ability to work.[7] In support of this argument, Plaintiff maintains only that Defendant knew of her disability and knew that she had undergone three surgeries. As the Third Circuit has held, however, "[t]he mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that the perception

---

**4.** The term "discriminating" includes "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." 42 U.S.C § 12112(b)(1).

**5.** As under the ADEA, the burden-shifting framework under the ADA has three steps: (1) the plaintiff bears the burden of establishing a prima facie case of discrimination; (2) the burden then shifts to the defendant, who must offer a legitimate non-discriminatory reason for the action; and (3) if the defendant satisfies this burden, the plaintiff must then come forth with evidence indicating that the defendant's proffered reason is merely a pretext. *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 619 (3d Cir.1996) (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–

53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *see* 42 U.S.C. § 12117.

**6.** The definition of "substantially limits" remains the same in "regarded as" cases "as it does in other parts of the [ADA]—i.e., if the individual is attempting to establish that the employer believed the individual to be limited in the life activity of 'working,' then 'working' must encompass a broad class of jobs." *Tice,* 247 F.3d at 514 (citations omitted).

**7.** Significantly, Plaintiff was never fired. Instead, she inexplicably refused to reapply for her job. There is no evidence to suggest that Defendant would not have permitted Plaintiff to return to her job if she had simply complied with Defendant's request to reapply.

383

caused the adverse employment action." *Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir.1996) (citations omitted). Because Plaintiff has produced no evidence other than Defendant's knowledge of her disability leave, she has failed to establish that Defendant regarded her as having a disability. *See Johnson v. Boardman Petroleum, Inc.*, 923 F.Supp. 1563, 1568 (S.D.Ga.1996) (finding that defendant's knowledge that plaintiff was "under stress or suffered from grief [caused by the death of her husband] does not rise to the level of demonstrating that [it] thought she had a mental disability or that she was unable to work because of this disability").[8]

Accordingly, Plaintiff has not set forth a prima facie case of disability discrimination, and the Court will grant Defendant's Motion for Summary Judgment as it relates to her ADA claim.[9]

An appropriate Order follows.

### ORDER

**AND NOW,** this 15th day of February, 2002, upon consideration of Defendant's Motion for Summary Judgment (docket # 14–15), Plaintiff's Brief in Opposition to Defendant's Motion (docket # 18), and Defendant's Reply Brief (docket # 19), **IT IS**

**ORDERED** that Defendant's Motion is **GRANTED.** Accordingly, judgment is **ENTERED** in favor of Defendant, Good Shepherd Rehab at Muhlenberg, and against Plaintiff, Linda K. Poyner.

---

**8.** Even assuming *arguendo* that Defendant regarded Plaintiff as unable to perform the job of an LPN, her claim would still fail because there is no evidence to suggest that it regarded her as unable to perform a broad class of jobs. *See Tice*, 247 F.3d at 516 (holding that plaintiff was not entitled to ADA protection because "even if [defendant] believed [plaintiff] to be unable to drive a bus, such a regard would still not establish that [it] regarded him as disabled," since the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working); *MacDonald v. Delta Air Lines*, 94 F.3d 1437, (10th Cir.1996) (concluding that plaintiff failed to establish that defendant regarded him as disabled even though it did not allow him to taxi aircraft, because taxiing aircraft was a single, particular job rather

than a class of jobs); *Miller v. Hogeland*, Civ. No. 00–0516, 2001 WL 1231703, *7, 2001 U.S.Dist. LEXIS 16538, at *19 (E.D.Pa. Oct. 10, 2001) (finding that "by asserting that [d]efendant prevented her from performing her duties as a [Clerk Court Administrator], [plaintiff] simply has not claimed that [defendant] perceived her as substantially limited in the major life activity of working").

**9.** Because the Court finds that Plaintiff has failed to show that she has a disability under the ADA, it need not reach the issue of whether she suffered an adverse employment action. The Court notes, however, that it is unclear whether Plaintiff's evidence is sufficient to satisfy this element under the ADA as well.